IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL SHANE GARNER                                          PLAINTIFF

v.                              No. 2:11-cv-154-DPM-JJV

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                DEFENDANT

ORDER

Garner filed for disability insurance benefits and supplemental security income in March 2009. The Social Security Administration denied his claim after a hearing and denied Garner's request for appellate review. So Garner's appeal to this Court is ripe. Garner says that the Commissioner's final no-disability decision is unsupported by substantial evidence because the ALJ ignored Garner's obesity when relying on the Medical-Vocational Guidelines. *Document No. 13, at 4*. And he says the ALJ failed to develop the record enough to permit a fair determination of disability. *Document No. 13, at 5*.

This Court's review is limited to whether, considering both the supporting evidence and contrary evidence of record, substantial evidence supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). The ALJ found that Garner had four severe impairments: left

knee pain status post ACL repair; degenerative disc disease of the lumbar spine; morbid obesity; and diabetes. *R. at 12*. He found that, notwithstanding those impairments, Garner could perform the full range of sedentary work. *R. at 13*. Because Garner had finished high school, and was only 37 years old when he supposedly became disabled, the ALJ relied on Medical-Vocational Rule 201.28 to find that Garner was able to do some jobs.

This is not a close case. The ALJ found that obesity was a severe impairment because it "cause[d] some limitations in [Garner's] ability to do basic work activities due to complicating [Garner's] knee problem." *R. at 15*. Garner is 5'8" tall. He weighed 269 pounds when he applied for benefits in March 2009. *R. at 15*. He had weighed 295 pounds in September 2008, when his knee surgeon discussed limiting work activities—lifting no more than 40 or 50 pounds and taking care not to run or jump. *R. at 151 & 153*. Months earlier, while Garner was still in recovery, his surgeon had cleared him for sedentary work. *R. at 157*. The record strongly supports the ALJ's conclusion that obesity did not limit Garner's capacity for the full range of sedentary work.

Garner also argues that the ALJ failed to fairly develop the record at the fourteen-minute hearing. But he does not identify how a longer hearing would have benefitted him. And the medical evidence of record was enough for the ALJ to determine Garner's residual functional capacity. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). The Commissioner's decision is affirmed.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

21 March 2013